Gage v. McLaughlin.

Reversed and remanded.

---

ASAHEL GAGE

v.

NEIL McLAUGHLIN.

APPEAL—FREEHOLD.—The Appellate Court has no jurisdiction on appeal in cases where the question of a freehold is directly involved.

APPEAL from the Superior Court of Cook county. Opinion filed January 4, 1881.

Mr. A. N. GAGE and Mr. H. D. BEAM, for appellant.

Mr. J. J. KERRIGAN and Mr. R. B. BACON, for appellee.

BAILEY, J. This was a petition under the provisions of the act entitled "An act to remedy the evils consequent upon the destruction of any public records by fire or otherwise," approved April 9, 1872, filed by Neil McLaughlin against Asahel Gage and others, to establish the petitioner's title to certain lands particularly described in the petition. The petitioner claims title through a master's deed, executed August 3, 1878, under proceedings to foreclose a mortgage from Andrew Cook

and wife to the petitioner, dated June 1, 1872. The petition alleges that said Andrew Cook, at the date of said mortgage, was the owner of said lands in fee, under divers conveyances, the records of which were destroyed by the great fire of October 9, 1871.

The averments of the petition relating to defendant Gage, are that on the 11th day of July, 1874, there was recorded in the office of the recorder of Cook county, a tax deed dated September 8, 1869, executed by the sheriff of Cook county to said Gage, covering a portion of the lands described in the petition, and that on the 19th day of July, 1879, there was also recorded in the office of said recorder a tax deed executed by the county clerk of said county, to said Gage, covering all of said lands, and that said Gage claimed some interest in said lands by virtue of said deeds.

Gage demurred to the petition for want of equity, and his demurrer having been overruled by the court, he elected to abide by the same, and the cause having been afterwards heard as to the other defendants upon pleadings and proofs, a decree was entered adjudging and decreeing that the petitioner was the owner in fee of the lands described in the petition. From this decree said Gage has appealed to this court and assigned errors.

The statute above mentioned gives to courts of equity jurisdiction, where the records of the title to lands are destroyed, to inquire into the condition of any title to, or interest in any such land, and make all such orders, judgments and decrees as may be necessary to establish such title or interest. The title which the petitioner in this case sets up, and seeks to have ascertained and established, is the estate in fee, which, of course, is an estate of freehold. The tax deeds to Gage mentioned in the petition, if valid, convey to him the fee. The question in the case, then, as between the petitioner and Gage, is as to which of them is invested with the estate in fee, and by the decree that question was determined in favor of the petitioner. It is manifest, then, that a freehold is directly involved in the case, and consequently, this court, under the provisions of the eighty-eighth section of the Practice Act, as

amended, has no jurisdiction of the appeal, and the appeal will, therefore, be dismissed.

Appeal dismissed.